**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

**TSA CORPORATE SERVICES, INC.**,

        Plaintiff,

v.                                                                                   No. CIV 05-1115 BB/KBM

**HAYDEN CONSTRUCTION, INC.,
STEPHEN LIN HAYDEN, and
KATHLEEN KYAN HAYDEN**,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

       THIS MATTER comes before the Court on Plaintiff's January 24, 2006 motion to dismiss Defendants' counterclaim for failure to state a claim upon which relief may be granted (Doc. 13). Having reviewed the submissions of the parties and the relevant law, the Court finds that Plaintiff's motion should be GRANTED in part and DENIED in part.

**Standard for Reviewing a Rule 12(b)(6) Motion to Dismiss**

       In addressing a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required to accept as true all well-pleaded facts alleged in the claimant's complaint or counterclaim. *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1266 (10th Cir. 1989); *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1267 (10th Cir. 2003). The Court does not, however, accept conclusory allegations as true. *E.F.W. v. St. Stephens Indian High Sch.*, 264 F.3d 1297, 1306 (10th Cir. 2001). In determining whether the complaint or counterclaim states a claim, this Court is not limited to the legal theories argued by the claimant, but must examine the complaint or counterclaim to determine whether the allegations provide for relief under any theory.

*See Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1375, n.5 (10th Cir. 1980). The issue in reviewing the sufficiency of a complaint or counterclaim is not whether the claimant ultimately will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). This Court will dismiss the complaint or counterclaim, or claims contained therein, only if it appears that the claimant can prove no set of facts in support of her claim that would entitle it to relief. *Phelps*, 886 F.2d at 1266.

Plaintiff TSA Corporate Services, Inc. ("TSA") attached the Summary Fixed Price Construction Agreement and General Condition for Construction to its memorandum of law in support of its motion to dismiss (Doc. 14). Typically, a court is required to convert a motion to dismiss into a summary judgment motion if "matters outside the pleadings are presented to and not excluded by the court" and "all parties . . . [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED. R. CIV. P. 12(b). However, if a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is central to the claim, the defending party may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Defendant-Counterclaimant Hayden Construction, Inc. ("Hayden Construction") does not dispute the authenticity of the appended documents and the documents are also central to its counterclaims. Therefore, the Court will consider these attached documents but will not convert this motion into one for summary judgment.

**Factual Allegations**

Over the past seven to eight years, Hayden Construction has contracted with TSA to build and remodel retail stores located throughout the country for TSA. (Counterclaim ¶ 3.) During this

2

time, the work Hayden Construction performed for TSA constituted eighty to ninety percent of Hayden Construction's total workload. (Counterclaim ¶ 8.)

The heart of Hayden Construction's counterclaim is its allegation that, over the past several years, TSA forced it to do certain things in order to continue to receive these construction and remodeling contracts. First, Hayden Construction was required to open "regional" offices in various states and staff these offices with friends of a TSA officer. (Counterclaim ¶ 10.) Second, TSA required Hayden Construction to remodel private real estate owned by a different TSA officer at a discounted cost. (Counterclaim ¶ 12.) TSA told Hayden Construction that it would be further compensated for this discounted remodeling at some point in the future, but this promise was never fulfilled. (Counterclaim ¶¶ 12, 31.) Third, Hayden Construction requested that TSA make cash payments to a TSA officer and pay for travel and entertainment expenses for the same officer. (Counterclaim ¶ 13.) TSA assured Hayden Construction that it would be able to recover these costs on future TSA projects, but this promise was likewise never fulfilled. (Counterclaim ¶¶ 13, 31.)

Recently, between May 2004 and March 2005, TSA and Hayden Construction executed seven Summary Fixed Price Construction Agreements (collectively referred to as the "Contracts" or "Written Contracts") for construction and remodeling work at several TSA store locations throughout the country. (Compl. ¶ 6.) Under the terms of the Contracts, Hayden Construction was to serve as the general contractor and was authorized to enter into subcontracts for performance of the work required. (Compl. ¶¶ 7-8.) The Contracts also set forth a "draw/payment" process whereby TSA would make incremental payments to Hayden Construction as the projects reached various stages of completion. (Compl. ¶ 9.)

Under the Contracts, Hayden Construction was responsible for making the necessary payments to its subcontractors. (Compl. ¶ 9.) Further, in order to receive the incremental payments, Hayden Construction was required to submit to TSA sworn statements affirming that all payroll, bills for equipment and materials, and other bills connected with the projects had been satisfied. (Compl. ¶ 10.)

In early 2005, several subcontractors informed TSA that they had not been paid and that, as a consequence, mechanic's liens against the properties subject to the Contracts had been or would be filed. (Compl. ¶ 15.) After investigation, TSA determined that it had disbursed to Hayden Construction the $555,661.64 in fees owed to the subcontractors and that an officer of Hayden Construction issued the required sworn affidavits for such disbursements. (Compl. ¶¶ 11, 13.) TSA subsequently filed this action on October 21, 2005 (Doc. 1).

Hayden Construction filed its Answer on December 12, 2005 (Doc. 10). Hayden Construction also asserted four counterclaims against TSA based on the allegations that TSA required Hayden Construction to perform discounted remodeling work and pay for travel and entertainment expenses but failed to allow Hayden Construction to recover these costs on future projects as promised. The counterclaims asserted by Hayden Construction are: intentional misrepresentation, violation of the New Mexico Unfair Practices Act, breach of the implied covenant of good faith and fair dealing, and economic duress. TSA filed a motion to dismiss these counterclaims on January 24, 2006 (Doc. 13). The Court will now address each counterclaim in turn.

**Discussion**

**I.      The Intentional Misrepresentation Counterclaim**

Hayden Construction alleges that TSA intentionally and fraudulently represented that it would be able to recover the costs of the discounted remodeling work on future TSA projects. (Counterclaim ¶ 24). Hayden Construction also alleges that TSA intentionally and fraudulently represented that it would be able to recover the costs of the travel and entertainment expenses on future TSA projects. (Counterclaim ¶ 25.)

As Hayden Construction concedes, this counterclaim is governed by Rule 9(b)'s heightened pleading requirement. Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). This heightened pleading requirement is intended to provide fair and adequate notice of the claim and to protect the accused party from reputational damage that "improvident charges of wrongdoing" may cause. *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th. Cir. 1992).

To comply with Rule 9(b)'s heightened pleading requirement, and survive TSA's motion to dismiss this counterclaim, Hayden Construction must set forth the "time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997); *Midgley v. Rayrock Mines, Inc.*, 374 F. Supp. 2d 1039, 1047 (D.N.M. 2005).

Hayden Construction's counterclaim does not satisfy these requirements. First, Hayden Construction does not state exactly when the allegedly fraudulent statements were made. Rather, the counterclaim vaguely asserts that the statements occurred "several years ago." (Counterclaim ¶ 9.) This general allegation does not satisfy Rule 9(b).

Second, the counterclaim fails to allege the place where these statements were made.

Third, Hayden Construction does not set forth the specific contents of the allegedly false representations. Instead, it only generally states that "TSA, its employees, officers, or agents intentionally and fraudulently represented to Hayden Construction, Inc., that Hayden Construction, Inc., would be able to recover amounts on future projects for work or payments Hayden Construction, Inc. made on behalf of TSA," and that "cash payments made to [Michael] Quaintance and entertainment, hotels and travel would be recoverable." (Counterclaim ¶¶ 24-25.) These broad allegations do not satisfy Rule 9(b). *See U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003).

Fourth, Hayden Construction does not specifically allege who made the purportedly fraudulent statements. It is true that the counterclaim identifies the specific TSA officer, Greg Waters, whose private real estate was remodeled and the specific TSA officer, Michael Quaintance, whose entertainment and travel expenses Hayden Construction covered. (Counterclaim ¶¶ 12-13.) However, the counterclaim does not assert that these individuals made the allegedly fraudulent statements that (1) Hayden Construction would be able to recover the remodeling discount on future projects or (2) that cash payments, entertainment, hotel and travel expenses would be recoverable. Thus, the counterclaim has not identified the individuals responsible for the allegedly fraudulent statements which when combined with the failure to allege the time and place of the statements fails to provide the specificity required by Rule 9. *Arena v. Wal-Mart Stores, Inc.*, 221 F.R.D. 569, 572 (D. Kan. 2004); *Samuel v. Pace Membership, Inc.*, 686 F. Supp. 873, 875 (D. Colo. 1988).

Thus, Hayden Construction's intentional misrepresentation counterclaim is dismissed, with leave to amend, for failure to comply with the pleading requirement of Rule 9(b). The Court

reiterates that, to avoid dismissal, an amended counterclaim on this count must allege with particularity the time, place, and identity of each individual who made each misrepresentation, and the language of the misrepresentation made by each individual.

## II.     The New Mexico Unfair Practices Counterclaim

Hayden Construction alleges that TSA "violated the New Mexico Unfair Trade [sic] Practices Act by knowingly making false and misleading statements in connection with a Contract for services." (Counterclaim ¶ 38.) In order to establish standing to state a claim under any statute, including the New Mexico Unfair Practices Act ("UPA"), the claimant must demonstrate that "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected by the statute." *Key v. Chrysler Motors. Corp.*, 918 P.2d 350, 354 (N.M. 1996). Hayden Construction has failed to make such a demonstration in its counterclaim.

The UPA provides that "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful." N.M. STAT. § 57-12-3 (2006). The UPA contemplates a plaintiff-purchaser and a defendant-seller. *Santa Fe Custom Shutters & Doors v. Home Depot U.S.A., Inc.*, 113 P.3d 347, 352 (N.M. App. 2005), *cert. denied*, 113 P.3d 345. Therefore, "Consistent with its purpose as consumer protection legislation, the [UPA] gives standing only to buyers of goods or services." *Id.* at 353. (citations omitted); *see also Ashlock v. Sunwest Bank*, 753 P.2d 346, 348 (N.M. 1988), *overruled on other grounds by Gonzalez v. Surgidev Corp.*, 899 P.2d 576 (N.M. 1995), (stating "the [UPA] lends the protection of its broad application to innocent *consumers*"). (emphasis added.)

Hayden Construction acknowledges that the UPA only gives standing to purchasers. It contends in its response, (Doc. 18), however, that "services were being provide by both parties to

each other." This argument finds no support in the counterclaim. Indeed, the counterclaim is devoid of any allegations suggesting that Hayden Construction purchased any good or service from TSA. Rather, the counterclaim makes clear that (1) Hayden Construction was a seller of construction and remodeling services and (2) TSA purchased these services.

As a seller, rather than a purchaser, the UPA does not confer standing on Hayden Construction. Therefore, this counterclaim will be dismissed.

### III.   The Implied Covenant of Good Faith and Fair Dealing Counterclaim

Hayden Construction alleges that "TSA, by its acts described above, violated its contractual duty of good faith and fair dealing." (Counterclaim ¶ 35.) In New Mexico, every contract imposes a duty, whether express or not, of good faith and fair dealing (the "implied covenant") upon all parties in the performance and enforcement of the agreement. *WXI/Z Sw. Malls v. Mueller*, 110 P.3d 1080, 1087 (N.M. App. 2005), *cert. denied*, 112 P.3d 1111. The implied covenant prohibits each party from taking action that would injure the right of the other to receive the benefits of the contract. *Watson Truck & Supply Co. v. Males*, 801 P.2d 639, 642 (N.M. 1990). To establish a breach of the implied covenant, a claimant must show that the defendant wrongfully and intentionally engaged in action to the detriment of the claimant in order to deprive the claimant of contractual benefits. *WXI/Z Sw. Malls*, 110 P.3d at 1087-88.

Hayden Construction's allegation that TSA violated the implied covenant must be considered with respect to two distinct agreements: 1) the Written Contracts for construction and remodeling work at TSA retail stores and 2) the alleged oral contracts for remodeling the private real estate of a TSA officer and the payment of travel and entertainment expenses of a different TSA officer.

8

The counterclaim does not allege that TSA in any way breached its Written Contracts with Hayden Construction for construction and remodeling work at TSA retail stores. Nor does it allege that TSA in any way injured Hayden Construction's right to receive the benefit of these Written Contracts. Therefore, the counterclaim does not state a claim for breaching the implied covenant with respect to the Written Contracts for remodeling and construction work at TSA retail stores.

The counterclaim does, however, assert that TSA breached the alleged oral contracts for remodeling the private real estate of a TSA officer and the payment of travel and entertainment expenses of a different TSA officer. (Counterclaim ¶ 31.) TSA argues that Hayden Construction cannot assert a claim for breach of the implied covenant because there was no written agreement upon which it could premise a contractual right. However, TSA does not cite any legal support for this argument. Moreover, the Supreme Court of New Mexico has held that a contract may be formed and breached orally. *Romero v. Mervyn's*, 784 P.2d 992, 997 (N.M. 1989) (finding that an oral contract was formed when a store manager promised an injured customer that the store would pay her medical expenses). The Supreme Court also found that such a contract may give rise to a claim for breach of the implied covenant. *Id.* at 257.

Under the Rule 12(b)(6) standard, Hayden Construction's counterclaim adequately alleges the formation and breach of oral contracts for remodeling the private real estate and the payment of travel and entertainment expenses for TSA officers.[1] For a contract to be legally valid and

---

[1] The Court notes that this counterclaim may be more properly styled as one for promissory estoppel. The elements of promissory estoppel are: "1) an actual promise must have been made which in fact induced the promisee's action or forbearance; 2) the promisee's reliance on the promise must have been reasonable; 3) the promisee's action or forbearance must have amounted to a substantial change in position; 4) the promisee's action or forbearance must have been actually foreseen or reasonably foreseeable to the promisor when making the promise; and 5) enforcement of the promise is required to prevent injustice." *Strata Prod. Co. v. Mercury*

9

enforceable, it must be supported by an offer, acceptance, consideration, and mutual asset. *Garcia v. Middle Rio Grande Conservancy Dist.*, 918 P.2d 7, 10 (N.M. 1996). Viewed in the light most favorable to Hayden Construction, the counterclaim alleges: 1) TSA offered to compensate Hayden Construction on future construction projects in exchange for Hayden Construction remodeling a TSA officer's private real estate and paying for a different TSA officer's entertainment and travel expenses; 2) Hayden Construction accepted this offer; 3) Hayden Construction provided consideration to TSA for this promise by remodeling the private real estate and paying for the travel and entertainment expenses; and 4) the parties had the same understanding of the agreement. The counterclaim adequately alleges breach of the implied covenant in that it asserts TSA failed to compensate Hayden Construction for the remodeling and travel and entertainment expenses and, in fact, never intended to provide such compensation. (Counterclaim ¶¶ 27, 31.)

Thus, with respect to the Written Contracts for construction and remodeling work at TSA retail stores, TSA's motion to dismiss the claim for breach of the implied covenant is granted. However, with respect to the alleged oral contracts for remodeling private real estate and paying for travel and entertainment expenses, TSA's motion to dismiss the claim for breach of the implied covenant is denied.

**IV.   The Economic Duress Counterclaim**

The counterclaim alleges that TSA "used its economic advantage to coerce Hayden Construction, Inc. into executing contracts, which resulted in damage to [it]." (Counterclaim ¶ 18.) Preliminarily, the Court notes that New Mexico recognizes economic duress claims arising under both contract and tort law. *Compare Richards v. Allianz Life Ins. Co. of N. Am.*, 62 P.3d 320, 328 (N.M.

---

*Exploration Co.*, 916 P.2d 822, 828 (N.M. 1996).

10

App. 2002) (analyzing economic duress under contract law where the remedy is excusing performance of the contract) *with Elec. Prods. Co. v. Combined Commc'ns Corp.*, 535 F. Supp. 356, 359-60 (D.N.M. 1980) (analyzing economic duress as a tort where remedy is damages). While Hayden Construction has asserted an economic duress claim arising under contract law as an affirmative defense, the economic duress claim alleged in its counterclaim is one for tort.

To assert a tort claim for economic duress under New Mexico law, a claimant must allege the following elements:  1) the defendant had a duty to present the claimant with a choice of reasonable bargaining alternatives; 2) the defendant breached that duty; and 3) the breach caused the claimant to enter into an unfavorable bargain against his will. *Long Island Lighting Co. v. Bokum Res. Corp.*, 40 B.R. 274, 293 (Bankr. D.N.M. 1983).

The duty to present reasonable bargaining alternatives only arises when the defendant "holds the power to deal a fatal, or at least  a very severe, economic injury to the" claimant. *Elec. Prods. Co.*, 535 F. Supp at 360.  This duty is breached when the defendant coerces the claimant into executing the contract by some wrongful act. *Richards*, 62 P.3d at 327.

As with the counterclaim for breach of the implied covenant, the economic duress counterclaim must be considered with regard to two distinct agreements:  1) the Written Contracts for construction and remodeling work at TSA retail stores and 2) the alleged oral contracts for remodeling the private real estate and the payment of travel and entertainment expenses for TSA officers.

Regarding the Written Contracts, TSA argues that Hayden Construction has not established the first element.  In support of this argument it cites *Strickland Tower Maint., Inc. v. AT&T Commc'ns Inc.* for the proposition that the first element of an economic duress claim is not

established by the mere fact that the defendant company provides a high percentage of plaintiff company's revenue. 128 F.3d 1422, 1426-27 (10th Cir. 1997). The Court has considered this argument and finds that it is not controlling on this motion to dismiss for two reasons. First, the Tenth Circuit Court of Appeals did not make this finding in the context of a Rule 12(b)(6) motion to dismiss. Rather, it held, in the context of a post-verdict appeal, that the plaintiff had not established legally sufficient evidence of economic duress. Second, *Strickland* analyzed Oklahoma law, not New Mexico law. *Strickland,* 128 F.3d at 1426.

The counterclaim states that, over the past several years, TSA supplied Hayden Construction with eighty to ninety percent of its projects. (Counterclaim ¶ 8.) Under the Rule 12(b)(6) standard of review, this assertion sufficiently alleges that TSA had the power to deal Hayden Construction a fatal or very severe economic blow. Thus, the counterclaim sufficiently alleges the first element.

The counterclaim does not, however, adequately allege either the second or third element. Hayden Construction's theory appears to be that its agreements to remodel private real estate and pay for travel and entertainment expenses establish that it was coerced into executing the Written Contracts. However, these allegations suggest just the opposite: Hayden Construction was so willing to execute the Written Contracts that it agreed to remodel private real estate and cover expenses for TSA officers. Indeed, the counterclaim is devoid of any allegations that TSA threatened or otherwise acted wrongfully in an effort to coerce Hayden Construction into executing the Written Contracts for construction and remodeling work at TSA's retail store locations. The counterclaim is also devoid of any allegations that the Written Contracts are in any way unfavorable to Hayden Construction or that Hayden Construction entered into the Written Contracts against its will.

Therefore, the counterclaim does not sufficiently allege an economic duress claim regarding the Written Contracts.

However, viewed in the light most favorable to Hayden Construction, the counterclaim does adequately allege a claim for economic duress with respect to the alleged oral contracts to remodel private real estate and pay for travel and entertainment expenses. As set forth above, the counterclaim adequately alleges that TSA had the power to deal Hayden Construction a fatal or, at least, severe economic blow since it supplied Hayden Construction with eighty to ninety percent of its work.

The counterclaim also adequately alleges the second and third elements. Relevantly, the Supreme Court of New Mexico has held, "Fear of an economic loss is a form of duress." *Pecos Constr. Co. v. Mortgage Inv. Co. of El Paso*, 459 P.2d 842, 845 (N.M. 1969). Thus, under the 12(b)(6) standard, the counterclaim can be read to allege that TSA coerced Hayden Construction into agreeing to remodel the private real estate and pay for the travel and entertainment expenses by threatening to cease providing it with construction and remodeling projects at its retail store locations. The counterclaim can also be read to allege that, based on this threat, Hayden Construction agreed to the oral contracts against its will. Therefore, the counterclaim sufficiently alleges an economic duress claim with respect to the oral contracts to remodel the private real estate and pay for the travel and entertainment expenses of the TSA officers.

Thus, with respect to the Written Contracts for construction and remodeling work at TSA retail stores, TSA's motion to dismiss the economic duress claim is granted. However, with respect to the alleged oral contracts for remodeling private real estate and paying for travel and entertainment expenses, TSA's motion to dismiss the economic duress claim is denied.

## Conclusion

Based on the foregoing, the motion to dismiss will be granted in part and denied in part.

## ORDER

Based on the foregoing memorandum opinion, Plaintiff's motion to dismiss (Doc. 10) is hereby GRANTED in part and DENIED in part.

DATED September 27, 2006.

_____
UNITED STATES DISTRICT JUDGE
BRUCE D. BLACK

**Attorneys:**

**For Plaintiffs**
Michael Carrico

**For Defendant**
Terrence R. Kamm